# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **KEYDRA WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | )   **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| **DELANOR, KEMPER &** | ) |
| **ASSOCIATES, LLC,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KEYDRA WILLIAMS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, DELANOR, KEMPER & ASSOCIATES, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. KEYDRA WILLIAMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Pacific, County of Franklin, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Quickest-Cash-Advance (hereinafter "QCA").

1

6. The debt that Plaintiff allegedly owed QCA was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. DELANOR, KEMPER & ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant is registered as a limited liability company in the State of Georgia.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. On or about September 21, 2010, Mr. Eastman, a duly authorized representative of Defendant, initiated telephone calls to Plaintiff's cellular telephone and to Plaintiff's place of employment.

15. The aforementioned telephone calls were Defendant's initial communication with Plaintiff.

16. On or about September 21, 2010, Plaintiff engaged in a telephone conversation with Mr. Eastman who informed Plaintiff that she owed a debt to QCA.

17. Defendant stated that if Plaintiff did not settle the debt with Defendant then Defendant would take legal action against Plaintiff.

18. Defendant further stated if Plaintiff did not settle the debt with Defendant then Defendant would "prosecute" Plaintiff "to the fullest extent."

19. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay Defendant relative to the debt she allegedly owed then Defendant would take legal action against Plaintiff.

20. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal and/or fraudulent conduct that could subject Plaintiff to criminal penalties.

21. Defendant's representations that it would prosecute Plaintiff to the fullest extent were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

22. Despite Defendant's representations, Plaintiff had not engaged in any criminal conduct relative to the debt on which Defendant was attempting to collect.

23. Defendant's representations, as delineated above, caused Plaintiff to believe that if she did not pay Defendant relative to the debt she allegedly owed then Defendant would take legal action against her.

24. As a result of Defendant's representations, as delineated above, Plaintiff provided Defendant with her bank account information so that she could make a payment to Defendant.

25. Subsequent thereto, Plaintiff engaged in another telephone call with Mr. Eastman.

26. Plaintiff informed Mr. Eastman that she wanted to cancel the payment she previously made to Defendant because Plaintiff disputed the debt on which Defendant was attempting to collect.

27. Plaintiff then requested that Defendant provide her with written confirmation that she owed the debt on which it was attempting to collect.

28. Plaintiff further informed Defendant that if Defendant sent her the aforesaid correspondence then Plaintiff would make a payment to Defendant.

29. At no time during Mr. Eastman's conversations with Plaintiff, as delineated above, did Defendant informe Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

30. On or about October 6, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to QCA. (A true and exact copy of the aforesaid correspondence is attached hereto as **Exhibit A**).

31. After receiving the aforementioned correspondence, Plaintiff continued to believe that if she did not pay Defendant for the debt she allegedly owed then Defendant would take legal action against Plaintiff.

32. On or about October 31, 2010, Plaintiff sent a payment of $50.00 to Defendant relative to the debt she allegedly owed.

33. On or about November 12, 2010, Defendant initiated a telephone call to Plaintiff's cellular telephone and left a voicemail message for Plaintiff.

34. During the course of the aforementioned voicemail message Defendant's duly authorized representative stated it was calling from the "settlement and claims department" at Defendant.

35. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

36. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to Plaintiff that the individual who had called Plaintiff on behalf of Defendant was an attorney.

37. Upon information and belief, the individual who called Plaintiff on behalf of Defendant was not an attorney.

38. On or about November 23, 2010, Defendant initiated a telephone call to Plaintiff's cellular telephone and left a voicemail message for Plaintiff.

39. During the course of the aforementioned voicemail message, Defendant, again, failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

40. On or about December 7, 2010 and on or about December 27, 2010, Plaintiff's counsel sent letters to Defendant notifying Defendant that it represented Plaintiff with respect to the debt on which Defendant was attempting to collect.

5

41. The aforementioned letters further provided Defendant with Plaintiff's counsel's contact details.

42. Upon information and belief, Defendant received the aforementioned correspondence.

43. Despite being advised that Plaintiff was represented by an attorney, on or about December 17, 2010; December 27, 2010; December 29, 2010 and January 5, 2011, Mr. Eastman, contacted Plaintiff in a further attempt to collect the she debt allegedly owed and left multiple voicemail messages for Plaintiff.

44. On or about January 14, 2011, Defendant initiated a further telephone call to Plaintiff, despite having been advised that Plaintiff was represented by an attorney.

45. At no time during the course of the aforementioned voicemail messages did Mr. Eastman provide information relative to Defendant's identity.

46. During the course of the aforementioned voicemail messages, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

47. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

48. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

49. On or about December 29, 2010, in a voicemail left for Plaintiff by Mr. Eastman, Defendant informed Plaintiff that she had to "return [Defendant's] call at least by the end of the year."

6

50. On or about January 5, 2011, in a voicemail left for Plaintiff by Mr. Eastman, Defendant informed Plaintiff that "it was important that [Defendant] speak with [Plaintiff] right away."

51. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not return Defendant's calls immediately then Defendant would pursue legal action against Plaintiff.

52. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

53. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

54. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

55. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

56. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

57. In its attempts to collect the debt allegedly owed by Plaintiff to QCA, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

    b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

    c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    d. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    f. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

    g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    h. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    i. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    j. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    k. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    l. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    m. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

58. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

59.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEYDRA WILLIAMS, by and through her attorneys, respectfully prays for judgment as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Plaintiff's attorneys' fees and costs;

   d.   Any other relief deemed appropriate by this Honorable Court.

                    Respectfully submitted,
                    **KEYDRA WILLIAMS**

               By:    s/ David M. Marco
                    Attorney for Plaintiff

Dated: January 14, 2011

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us

9