UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEYDRA WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-97 CAS |
| | ) | |
| DELANOR, KEMPER & ASSOCIATES, L.L.C., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Keydra Williams' motion for default judgment against defendant Delanor, Kemper & Associates, L.L.C., and for attorneys' fees and costs. Plaintiff's motion is accompanied by affidavits and exhibits. For the following reasons, the Court will grant plaintiff default judgment in the amount of $3,500.00, and award attorneys' fees and costs in the amount of $2,607.50.

**Background**

Plaintiff filed her complaint on January 14, 2011, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Defendant was served on February 1, 2011. Pursuant to Rule 12(a)(1)(A)(i), Fed. R. Civ. P., defendant was required to file an answer within twenty-one days of being served. Defendant failed to do so and the Clerk of Court, on plaintiff's motion, entered default against defendant on March 9, 2011. Plaintiff filed the instant motion for default judgment on March 23, 2011.

According to the complaint, plaintiff was alleged to owe a debt to Quickest-Cash-Advance ("QCA") for a payday loan. Defendant is a business entity engaged in the collection of debt in the

State of Missouri, and it regularly collects, or attempts to collect, debts allegedly owed to third parties.

On or about September 21, 2010, Mr. Eastman, a duly authorized representative of defendant, called plaintiff on her cellular telephone and at her place of employment. The same day, plaintiff spoke to Mr. Eastman by telephone, and he informed plaintiff that she owed a debt to QCA. Defendant stated that if plaintiff did not settle the debt with defendant, it would take legal action against her,. Defendant further stated if plaintiff did not settle the debt with defendant then it would "prosecute" plaintiff "to the fullest extent."

Defendant's representations caused plaintiff to believe that if she did not pay defendant the alleged debt, defendant would take legal action against her, and that she had engaged in criminal and/or fraudulent conduct that could subject her to criminal penalties. Thereafter, plaintiff again spoke with Mr. Eastman by telephone and informed him that she disputed the debt defendant was attempting to collect, and requested that defendant provide her with written confirmation that she owed the debt it was attempting to collect. Mr. Eastman did not at any time tell plaintiff that he was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose.

On or about October 6, 2010, defendant sent plaintiff a letter in an attempt to collect a debt allegedly owed by plaintiff to QCA. After receiving the letter, plaintiff continued to believe that if she did not pay defendant for the debt she allegedly owed, then defendant would take legal action against her. On or about October 31, 2010, plaintiff sent a payment of $50.00 to defendant on the debt she allegedly owed to QCA.

2

On or about November 12, 2010, defendant's duly authorized representative called plaintiff's cellular telephone and left a voice mail message, stating he was calling from defendant's "settlement and claims department." During this message, defendant failed to advise plaintiff that it was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose. This above statement, together with defendant's failure to inform plaintiff that it was a debt collector, caused plaintiff to believe the individual who called her was an attorney.

On or about November 23, 2010, defendant called plaintiff's cellular telephone and left a voice mail message which again failed to advise plaintiff that it was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose.

On or about December 7, 2010 and December 27, 2010, plaintiff's counsel sent letters to defendant notifying it that counsel represented plaintiff with respect to the debt defendant was attempting to collect. The letters provided defendant with plaintiff's counsel's contact details. Despite being advised that plaintiff was represented by an attorney, defendant's representative Mr. Eastman again contacted plaintiff in a further effort to collect the debt and left multiple voice mail messages for plaintiff on or about December 17, 2010, December 27, 2010, December 29, 2010 and January 5, 2011. None of the voice mail messages included information relative to defendant's identity, and none advised plaintiff that it was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose. On or about January 14, 2011, defendant again called plaintiff, despite having been advised that she was represented by an attorney. At no time has plaintiff's counsel failed to respond to a communication from defendant. Plaintiff's counsel did not consent to defendant having direct communication with plaintiff.

In the December 29, 2010 voice mail message, defendant informed plaintiff that she had to "return [defendant's] call at least by the end of the year." In the January 5, 2011 voice mail message, defendant informed plaintiff that "it was important that [defendant] speak with [plaintiff] right away." Defendant's statements caused plaintiff to believe that if she did not return defendant's calls immediately, it would pursue legal action against her. Defendant has not filed a lawsuit against plaintiff for the debt she allegedly owes, and plaintiff believes that defendant had no intention of filing a lawsuit against plaintiff for the debt she allegedly owes. Further, plaintiff believes that defendant has no authority to file a lawsuit against plaintiff for the debt she allegedly owes.

Defendant did not provide to plaintiff, within five (5) days of its initial communication to collect the alleged debt, written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

**Discussion**

Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief," and the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Taylor v. City of Ballwin. Mo., 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (internal punctuation and citation omitted). The "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Alum. and Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (quoted source omitted).

Nonetheless, default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary.

4

See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2010). Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of the claim. Id., § 55.31[2].

The FDCPA "is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (quoted statute and case omitted). Under the FDCPA, a debt collector may not communicate with the consumer after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and knows, or can readily ascertain, the attorney's name and address, and the attorney did not fail to respond to communications from the debt collector within a reasonable time. 15 U.S.C. § 1692b(6). The FDCPA prohibits a debt collector from placing a telephone call to a consumer without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6). The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including representing either directly or by implication that the caller is an attorney or that the communication was from an attorney, 15 U.S.C. § 1692e(3). The FDCPA also prohibits the use of "unfair or unconscionable means" to collect any debt. 15 U.S.C. § 1692f. In determining whether a debt-collection communication was false, deceptive, misleading, unfair, or unconscionable, the communication must be viewed through the eyes of an unsophisticated consumer. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-318 (8th Cir.2004); Peters

v. General Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir.2002). The FDCPA also prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(4) and (5).

A debt collector who fails to comply with any provision of the FDCPA is liable for "actual damages sustained by such person," "such additional damages as the court may allow, but not exceeding $1,000," and in "any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(1)-(3). In determining the amount of liability, the Court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Based on the allegations in plaintiff's complaint and the affidavit filed in support of this motion, the Court finds that defendant violated provisions of the FDCPA. 15 U.S.C. §§ 1692, et seq.

**Plaintiff's Damages**

Plaintiff requests actual damages in the amount of $2,500.00 for emotional distress, statutory damages in the amount of $1,000.00, and attorneys' fees and costs in the amount of $2,607.50.

Plaintiff supports her claim for actual damages by stating in her affidavit that she "suffered, and continue[s] to suffer, personal humiliation, embarrassment, mental anguish and emotional distress," and that she was stressed when the defendant's representative said if she did not settle the matter legal action would be taken against her. Plaintiff states that she "was worried [she] would have a lawsuit filed against her" and that she "would have legal action taken against [her] for criminal actions." Plaintiff states that the latter thought "terrified" her.

The Court finds that plaintiff's requested actual damages are appropriate in light of the factors set froth in 15 U.S.C. § 1692k(b)(1), based on defendant's multiple violations of the FDCPA in its repeated telephone calls to plaintiff, and its persistence in contacting plaintiff concerning the alleged debt after it had been informed that she was represented by counsel. The Court will therefore award plaintiff $2,500.00 in actual damages for the mental distress caused by defendant's actions, and $1,000.00 in statutory damages as provided in 15 U.S.C. § 1692k(a)(2).

Plaintiff's counsel has filed a detailed billing statement listing the tasks completed by each attorney or paralegal in the handling of plaintiff's case. Upon review, the Court finds the number of hours expended and the hourly rate for each attorney to be reasonable. The Court further finds that the attorneys' fees in the amount of $2,201.50 and costs in the amount of $406.00 are reasonable and necessary in light of other attorneys' fees and costs awarded in comparable cases in this district. See, e.g., Jenkins v. Eastern Asset Mgmt., 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)); Batchelor v. Profile Recovery Group, LLC, No. 4:10-CV-1502 (E.D. Mo. Feb. 25, 2011); Poniewaz v. Regent Asset Mgmt. Solutions, Inc., No. 4:10-CV-867 (E.D. Mo. Sept. 7, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **GRANTED**. [Doc. 9]

An appropriate default judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of April, 2011.